USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/9/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE: NESTOR

---

25-CV-04336 (MMG)

**DISMISSAL ORDER**

MARGARET M. GARNETT, United States District Judge:

*Pro se* appellant Marianne Nestor ("Appellant") brings this appeal pursuant to 28 U.S.C. § 158, seeking review of an order of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). For the following reasons, the appeal is dismissed.

Appellant filed a notice of appeal in the Bankruptcy Court on January 15, 2025, which was docketed in this Court on January 28, 2025. *See* Dkt. No. 1. Within 14 days after filing the notice of appeal, Appellant was required to file with the bankruptcy clerk a designation of the items to be included in the record on appeal and a statement of the issues to be presented—a submission commonly called a "Designation and Statement". *See* Fed. R. Bankr. P. 8009(a)(1). Appellant never filed a Designation and Statement, and she took no action with respect to her appeal for nearly nine months.

An appellant's failure to file a Designation and Statement provides a basis for the Court "to act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2). If an appellant fails to timely file a Designation and Statement, a district court may extend the time to do so where the appellant demonstrates excusable neglect for the failure. *In re Aberdeen Enters., Inc.*, No. 24-CV-07744 (GRB), 2025 WL 2550003, at *4 (E.D.N.Y. Sept. 4, 2025). Absent a showing of excusable neglect, "the appeal has to be at an end" because a "bankruptcy appeal cannot proceed without a Designation and Statement." *Id.*

On February 17, 2026, this Court ordered Appellant to show cause why her appeal should not be dismissed for failure to file a Designation and Statement and "why she is entitled to relief for 'excusable neglect.'" *See* Dkt. No. 2. The Court explicitly warned that "Appellant's failure to comply with this Order will result in dismissal of this appeal without further notice." *Id.* at 2.

Appellant filed a response on February 27, 2026. *See* Dkt. No. 3. The submission is not responsive to the Court's Order. It makes no attempt to show excusable neglect. Indeed, it does not even acknowledge the Designation and Statement requirement or the specific issues relevant to this appeal (which is one of many similar appeals from the same underlying bankruptcy proceeding, *see, e.g., In re Nestor*, 25-CV-04242 (KPF) (S.D.N.Y. 2025); *In re Nestor*, 25-CV-00804 (AKH) (S.D.N.Y. 2025)). Rather, Appellant's submission merely summarizes various objections to the bankruptcy process, arguments as to the merits of the underlying bankruptcy case in general, and miscellaneous facts not germane to the issue now before the Court.

Because Plaintiff has not shown excusable neglect for her failure to file a Designation and Statement, the Court hereby DISMISSES the appeal. The Court of Clerk is respectfully directed to CLOSE this case.

Dated: March 9, 2026
     New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

2